# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-02034-AB (SK) | Date | March 11, 2020 |
| Title | Benjamin Fellows v. Gigi Matteson | | |

**Present: The Honorable** Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner is a state prisoner who seeks federal habeas relief (on an unapproved California state habeas form) from his 2016 conviction for drive-by shooting with gang and firearm sentencing enhancements. (ECF 1 at 1-2). He raises two grounds for relief: ineffective assistance of trial counsel for failing to object to improper expert opinion testimony and a violation of the confrontation clause based on the introduction of a witness's preliminary hearing testimony at trial. (*Id.* at 3-4). But the petition is subject to summary dismissal for lack of jurisdiction and for lack of exhaustion.

First, the Court lacks jurisdiction over the petition while Petitioner's challenge to his firearm sentence enhancement under California Senate Bill 620 ("SB 620") remains pending in the California state courts. (ECF 1 at 6). Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from reviewing a habeas petition where the petitioner (1) has "an ongoing state judicial proceeding" that (2) "implicates important state interests," (3) the state proceedings provide "an adequate opportunity . . . to raise constitutional challenges," and (4) the relief requested in the petition "seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019) (citation omitted). Petitioner appealed from the trial court's resentencing ruling in April 2019, and the Court of Appeal docket (as of this order) reveals that the parties are in the midst of briefing. (*See* Cal. Ct. App. Case No. B300801).[1] So unless Petitioner can show that abstention is inappropriate, *see Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982), the Court must dismiss this action without prejudice. *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988); *see also Phillips v. Neuschmid*, 2019 WL 6312573, at *1-3 (C.D. Cal. Oct. 18, 2019) (recommending dismissal under *Younger* where petitioner had pending SB 620 motion in the California Court of Appeal), *adopted by* 2019 WL 6310269 (C.D. Cal. Nov. 22, 2019).

---

[1] The Court takes judicial notice as needed of Petitioner's state court direct appeal and resentencing proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02034-AB (SK) | Date | March 11, 2020 |
|---|---|---|---|
| Title | Benjamin Fellows v. Gigi Matteson | | |

Second, even if the Court had habeas jurisdiction despite Petitioner's pending SB 620 appeal, the petition appears to have at least one unexhausted claim. To exhaust a federal claim, a state prisoner must present it in a complete round of direct appeals or state habeas proceedings up to and including the highest state court. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Petitioner appears to have raised his ineffective assistance claim in the California Court of Appeal but not in his petition for review by the California Supreme Court. So even assuming that Petitioner's confrontation clause claim has been exhausted (which the Court need not decide right now), he is left with a "mixed" petition containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). So the Court cannot proceed with the action unless Petitioner either (1) amends the petition to strike the unexhausted claim, *see Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014); or (2) proves that he has the right to a stay of the action under *Rhines v. Weber*, 544 U.S. 269 (2005), so he can return to state court and fully exhaust his claims.

THEREFORE, Petitioner is **ORDERED TO SHOW CAUSE** on or before **April 10, 2020** why the Court should not dismiss the petition for lack of jurisdiction and failure to exhaust state court remedies. To discharge this order, Petitioner must first prove that *Younger* abstention does not apply despite his pending SB 620 appeal. If—and only if—he makes that showing, Petitioner must then also prove that the petition has been fully exhausted in the California state courts, up to and including the California Supreme Court. Alternatively, Petitioner may file an amended petition without the unexhausted claim, or prove he is eligible for a *Rhines* stay so that he can return to state court to complete exhaustion, or voluntarily dismiss the petition (using the attached Form CV-09) and refile after he has exhausted all his claims, provided that he has enough time left under the one-year federal statute of limitations. In any case, if Petitioner wishes to proceed in federal court with the current petition or an amended petition, he must file it using the attached, approved Form CV-69—not the state court form it is currently on. *See* L.R. 83-16.1.

**Failure to comply with this order may result in involuntary dismissal of the petition for failure to prosecute and obey court orders.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**